IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAY NOLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 03-F-967-S |
| CREDIT ACCEPTANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### MOTION OF CREDIT ACCEPTANCE CORPORATION
### TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Comes now the defendant, Credit Acceptance Corporation ("CAC"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA"), and respectfully requests that the Court enter an order (a) directing that all claims asserted in this action be submitted to binding arbitration, and (b) staying the action pending the conclusion of such arbitration.

In connection with the transaction that is the subject of this action, plaintiff Jay Nolin ("Nolin") signed a Retail Installment Contract dated June 23, 2001 (the "Agreement") containing an explicit agreement to submit any dispute, controversy or claim in any way related to the Agreement to arbitration and an acknowledgement that the transaction involves interstate commerce that is subject to the FAA. A true and exact copy of the Agreement is attached hereto as **Exhibit "A"** and is incorporated by reference herein. Despite this agreement to arbitrate, Nolin instituted this court action.

CAC respectfully requests that this court compel arbitration and stay this action pursuant to Sections 2 and 3 of the FAA and grant such other further relief as it deems just and necessary.

676786 1

_____
W. Clark Watson
Christie Lyman Dowling
Jeremy L. Retherford
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

*Attorneys for Credit Acceptance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by U.S. Mail, properly addressed and first class postage prepaid, on the 25th day of November, 2003:

Banks T. Smith
Hall, Smith & Jones
P.O. Box 1748
Dothan, Alabama 36302-1748

_____
Of Counsel

676786 1

2

# RETAIL INSTALLMENT CONTRACT

| NAME | NOLIN, TIM |
| NAME | NOLIN, JAY |
| ADDRESS | LOT 7 LAKESHORE DR. |
| CITY | ABBEVILLE | STATE AL | ZIP 36310 |

SELLER
| NAME | Enterprise Mitsubi |
| ADDRESS | 1230 Rucker Bo Rd |
| CITY | Enterprise | STATE AL | ZIP 36330 |
| 1455130 | ACCOUNT NO. |

All references to "You" and "Your" means each Buyer above, jointly and severally. The terms "Creditor", "Us" and "We" refer to Seller and Seller's assignees. You may buy the vehicle described below for cash or on credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have elected to purchase from Us on a Total Sale Price basis, upon the conditions set forth below and on the reverse side of this Retail Installment Contract ("Contract"), the following property ("Property"), delivery and acceptance of which in good condition and repair is hereby acknowledged by You:

| New or Used | Year and Make | Model and Body Style | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| USED | 2000 MITSUBISHI | 2DR. | BLACK | 4A3AC34G6YE176308 | 10100 |

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. | Amount Financed The amount of credit provided to You or on Your behalf. | Total of Payments The amount You will have paid after You have made all payments as scheduled | Total Sale Price The total cost of Your purchase on credit, including Your downpayment of $4000.00 |
|---|---|---|---|---|
| 22.00 % | $ 7619.48 | $ 13051.72 | $ 20671.20 | $ 24671.20 |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 54 | $ 382.80 | Jul 23, 2001 and same date of each following month. |

**Insurance**
Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless You sign and agree to pay the additional cost. The term of the insurance shall be the same as the term of Your contract.

| Type | Premium | Signature | | Age |
|---|---|---|---|---|
| Credit Life | $ N.A. | Signature of Buyer Requesting Only Life Insurance | | N.A. |
| | | Signature of Buyer Requesting Only Life Insurance | | N.A. |
| Credit Disability | $ N.A. | Signature of Buyer Requesting Life and Disability Insurance | | N.A. |

**Security:** You are giving a security interest in the goods or property being purchased.
**Late Charge:** If a payment is more than 10 days late, You will be charged 5% of the payment or $10, whichever is greater, not to exceed $100.
**Prepayment:** If You pay off early, You may be entitled to a refund of part of the Finance Charge.
**Additional Information:** See below and the other side of this contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including accessories and improvements to the Property) ................... $ 16499.00 (1)
2. Sales Tax ................... $ 536.22 (2)
3. Down Payment Calculation:  Cash Down Payment ................... $ 4000.00 (A)
   Trade-In Description:    Gross Trade-In ......... $ N.A. (B)
   Make: N.A.    Payoff Made by Seller
   Model: N.A.    to: N.A.    $ N.A. (C)
   Net Trade-In (If negative number, insert "0" in line 3(D) and itemize difference in 5(E) below) (B-C) $ N.A. (D)
   Total Down Payment ................... (A + D) $ 4000.00 (3)
4. Unpaid Balance of Cash Price (1 + 2 less 3) ................... $ 13035.22 (4)
5. Other Charges including Amounts Paid to Others on Your Behalf:
   *(NOTICE: A portion of these charges may be paid to or retained by Seller.)
   A. Cost of Required Physical Damage Insurance Paid to Insurance Company* ................... $ N.A. (A)
   B. Cost of Optional Extended Warranty or Service Contract* ................... $ N.A. (B)
   C. Cost of Optional Credit Life Insurance Paid to Insurance Company* ................... $ N.A. (C)
   D. Cost of Optional Credit Disability, Accident and Health Insurance Paid to Insurance Company* ... $ N.A. (D)
   E. Cost of Filing Fees Paid to Public Officials ................... $ N.A. (E)
   F. License and Registration Fees Paid to Public Officials ................... $ 16.50 (F)
   Other Charges (Seller must identify who will receive payment and describe purpose)*
   G. to N.A.   for lien or lease payoff ................... $ N.A. (G)
   H. to N.A.   for N.A. ................... $ N.A. (H)
   Total of Other Charges and Amounts Paid to Others on Your Behalf ................... $ 16.50 (5)
6. Less Prepaid Finance Charge ................... $ N.A. (6)
7. Amount Financed - Unpaid Balance (4 + 5 less 6) ................... $ 13051.72 (7)

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to Us. The collision coverage deductible may not exceed $500. If You get insurance from or through Us, You will pay $ N.A. for N.A. of coverage. The premium is calculated as follows:

☐ $ N.A. Deductible, Collision Coverage $ N.A.
☐ $ N.A. Deductible, Comprehensive Coverage $ N.A.
☐ Fire-Theft and Combined Additional Coverage $ N.A.
☐ N.A.

**YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THE MOTOR VEHICLE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER THIS CONTRACT IS TO BE OBTAINED.**
**THE INSURANCE CONTRACTED FOR IN CONNECTION WITH THIS SECURITY AGREEMENT DOES NOT PROVIDE FOR LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS OR COMPLY WITH ANY STATE LIABILITY LAWS.**

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to do so, by initialing below You are indicating You wish to buy an optional Extended Warranty or Service Contract covering the repair of certain major mechanical breakdowns of the vehicle and related expenses. Refer to the optional Extended Warranty or Service Contract for details about coverage and duration.
Optional Extended Warranty or Service Contract Price $ N.A. Your initials TN Term: N.A. Company: _____

**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE ARBITRATION AGREEMENT AND JURY WAIVER SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE. THIS CONTRACT WILL BE ASSIGNED TO CREDIT ACCEPTANCE CORPORATION. PLEASE MAKE ALL FUTURE PAYMENTS TO CREDIT ACCEPTANCE CORPORATION AT THE ADDRESS BELOW.

CREDIT ACCEPTANCE CORPORATION
P.O. BOX 513
SOUTHFIELD, MICHIGAN 48037-9513
(800) 634-1506

This Retail Installment Contract is hereby accepted by the Seller named below and is hereby assigned to Credit Acceptance Corporation in accordance with the terms of the assignment set forth on the reverse side of this document. This assignment is without recourse.

Signed by the parties hereto this 23 day of Jun 2001.

Seller Enterprise Mitsubishi
By: _____ Title: Office
ALABAMA CREDIT ACCEPTANCE

**NOTICE TO BUYER**
(1) Do not sign this contract before You read it or if it contains any blank spaces.
(2) You are entitled to an exact copy of the contract You sign.
(3) Under the law, You have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the Finance Charge.
- BUYER HEREBY ACKNOWLEDGES RECEIPT OF AN EXACT AND COMPLETELY FILLED IN COPY OF THIS CONTRACT AT THE TIME OF ITS EXECUTION.

**CAUTION — IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Buyer: _____
Buyer: _____

ORIGINAL

Exhibit A

## OTHER IMPORTANT AGREEMENTS

**Ownership and Risk of Loss.** You agree to pay the Creditor all amounts owed under this Contract even if the vehicle is damaged, destroyed or missing. You agree not to remove the vehicle from the United States of Canada or to sell, rent, lease or otherwise transfer any interest in the vehicle or this Contract without the Creditor's written permission. You agree not to expose the vehicle to misuse or confiscation. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title. If the Creditor pays any repair bills, storage bills, taxes, fines, or other charges on the vehicle, You agree to repay the amount when the Creditor asks for it.

**Security Interest.** You give the Creditor a security interest in (1) the vehicle being purchased, (2) any accessories, equipment and replacement parts installed in the vehicle, (3) any insurance premiums and charges for service contracts returned to the Creditor, (4) any proceeds of insurance policies or service contracts on the vehicle, and (5) any proceeds of insurance policies on Your life or health which are financed in this Contract. This secures payment of all amounts You owe in this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract.

**Refund Calculation.** If You prepay in full or if You default and We demand payment of the unpaid balance, You may be entitled to a refund credit of part of the precomputed finance charge. If the term of the Contract is 61 months or less, We will determine the credit according to the Rule of 78's. If the term of the Contract is greater than 61 months, We will use an actuarial method to determine the credit. We will apply the credit to the amount You owe Us or refund it to You. We will not credit or refund amounts less than $1.00. No refund will be paid which results in a net Finance Charge of less than $4, if the amount financed is less than $25; or $6, if the amount financed is more than $25.

If You pay off or refinance the debt within 120 days from the date of this contract, You are entitled to a pro rata refund or credit of any unearned portion of the original finance charge computed as of the date of the payoff or refinancing.

**Prepayment.** Any partial prepayment will not excuse any later scheduled payments. All payments must be made until the obligation is paid in full.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this Contract. At any time during the term of this Contract, if You do not have physical damage insurance which covers both the interest of You and the Creditor in the vehicle, then the Creditor may buy it for You. If the Creditor does not buy physical damage insurance which covers both interests in the vehicle, it may, if it decides, buy insurance which covers only the Creditor's interest.

The Creditor is under no obligation to buy any insurance, but may do so if it desires. If the Creditor buys either of these coverages, it will let You know what type it is and the charge You must pay. The charge will consist of the cost of the insurance and a finance charge, at the highest lawful contract rate. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, You agree that the Creditor can use any insurance settlement either to repair the vehicle or to apply to Your debt.

**Late Charge.** You will have to pay a late charge on each payment received by the Creditor more than ten days late. The charge is shown on the front. Acceptance of a late payment or late charge does not excuse Your late payment or mean that You can keep making payments after they are due. The Creditor may also take the steps set forth in this Contract if there is any late payment.

**Bad Check Charge (NSF).** You agree to pay Creditor a bad check charge of $25 (or such other amount permitted by applicable law) for any check or like instrument given by You to Creditor that is returned by Your bank because of insufficient funds or because Your bank account was closed.

**Optional Insurance Service Contracts.** This Contract may contain charges for optional insurance or service contracts. If the vehicle is repossessed, You agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

You understand and agree that some of the payments to third parties as part of this Contract may involve money retained by Us or paid back to Us as commissions, fees or income.

**Insurance or Service Contract Charges Returned to Creditor.** If any charge for required insurance is returned to the Creditor, it may be credited to Your account or used to buy similar insurance or insurance which covers only the Creditor's interest in the vehicle. Any refund on optional insurance or service contracts obtained by the Creditor will be credited to Your account.

Credits to Your account will include both the amounts received by the Creditor and the unearned Finance Charges on those amounts. These credits will be applied to as many of Your installments as they will cover, beginning with the final installment.

**Required Repayment in Full Before the Schedule Date.** If You fail to pay any payment within 10 days after it is due according to the payment schedule; if a proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property; or if You break any of the agreements in this Contract (default), the Creditor can demand that You pay all You owe on this Contract at once. In figuring what You owe, the Creditor will give You a refund of part of the Finance Charge figured the same as if You had prepaid in full.

**Repossession of the Vehicle.** Repossession means that, if You fail to pay any payment within 10 days after it is due according to the payment schedule or if You break any of the agreements in this Contract (default), the Creditor can take the vehicle from You. To take the vehicle the Creditor can enter Your property, or the property where it is stored, so long as it is done peacefully. You hereby acknowledge and agree that any personal property contained within the Property may be removed and held without liability to Seller or its agent. It is Your responsibility to promptly and immediately contact Creditor in an attempt to have arrangements made to return personal property. Any accessories, equipment or replacement parts will remain with the vehicle.

**Getting the Vehicle Back After Repossession.** If the Creditor repossesses the vehicle You have the right to get it back (redeem) by paying the entire amount You owe on the Contract (not just past due payments) plus any late charges, the cost of taking and storing the vehicle and other expenses that the Seller or the Creditor has had. In figuring the entire amount You owe on the Contract, the Creditor will give You a refund for part of the finance charge figured the same as if You had prepaid Your Contract. Your right to redeem will end when the vehicle is sold.

**Sale of the Repossessed Vehicle.** You agreed that if any notice is required to be given to You of an intended sale or transfer of the Property that the notice is reasonable if mailed to Your last known address, as reflected in Our records, at least ten days before the date of the intended sale or transfer (or such other period of time as is required by law). If the vehicle is sold, the Creditor will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of sale will be figured this way: Any late charges and any charges for taking, storing and selling the vehicle, cleaning and advertising etc., and reasonable attorney fees paid to an attorney who is not a salaried employee of Creditor, not to exceed 15% of the unpaid debt (if the amount financed exceeds $300), and court costs will be subtracted from the selling price.

If You owe the Creditor less than the net proceeds of sale, the Creditor will pay You the difference, unless required to pay it to someone else. For example, the Creditor may be required to pay a lender who has given You a loan and also taken a security interest in the vehicle.

If You owe more than the net proceeds of sale, and the cash price of the Property is over $1,000, You will pay the Creditor the difference between the net proceeds of sale and what You owe when the Creditor asks for it.

**Collection Costs.** If You default and the Creditor hires an attorney to collect what You owe and the amount financed exceeds $300, You will pay the attorney's reasonable fee not to exceed 15% of the unpaid debt if the attorney is not a salaried employee of the Creditor.

**Delay in Enforcing Rights and Changes of this Contract.** The Creditor can delay or refrain from enforcing any of its rights under this Contract without losing them. For example, the Creditor can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by the Creditor. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**Warranties Seller Disclaims.** You understand that the Seller is not offering any implied warranties and that there are no implied warranties of merchantability, of fitness for a particular purpose, or any other warranties, express or implied by the Seller, covering the vehicle unless the Seller extends a written warranty or service contract within 90 days from the date of this Contract. This provision does not affect any warranties covering the vehicle that may be provided by the vehicle manufacturer.

**USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**Interest after Maturity.** Buyers further agree to pay interest at the Annual Percentage Rate stated on the front of this Contract, or whatever rate is permitted by applicable law, on any amounts which remain unpaid after maturity of this Contract.

**Judgment Rate.** Interest on any judgment on this Contract will be at the Annual Percentage Rate stated on the front of this Contract, or whatever rate is permitted by applicable law.

**Governing Law.** The terms of this Contract are governed by Alabama law.

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## AGREEMENT TO ARBITRATE

Any dispute, controversy or claim between Buyer, Seller and/or Seller's assignee, Credit Acceptance Corporation, or the employees, agents or assignees of the other, arising out of or in any way related to the Agreement, or any default hereunder, or the purchase, sale, delivery, set-up, quality of the Property, or any product or service included in the Agreement, whether based on contract, an alleged tort or other legal theory, shall be fully resolved by binding arbitration by the National Arbitration Forum. Judgment on the arbitration award may be entered in any court having jurisdiction. Any question whether a particular controversy or claim is subject to arbitration or any question as to the enforceability of all or part of this arbitration provision shall be decided by the arbitrator. All statutes of limitation which otherwise would apply to an action brought in a court of competent jurisdiction on the controversy or claim will be applicable in the arbitration proceeding. This agreement to arbitrate is made pursuant to a transaction involving or affecting interstate commerce, and shall be governed by the Federal Arbitration Act (9 U.S.C. 1 et seq.). The parties understand and agree that they choose arbitration instead of litigation to resolve disputes. The parties voluntarily and knowingly waive any right they may have to a jury trial and both parties agree that all claims must be resolved on an individual basis through arbitration and representative actions, such as class actions, are prohibited.

Notwithstanding the foregoing, Seller and Seller's assignee Credit Acceptance Corporation retain the right (1) to repossess the Property by the exercise of any power of sale under this Agreement, or under any chattel mortgage or other security agreement or instrument, or under applicable law; (2) to exercise self-help remedies such as setoff or repossession; (3) to enforce the monetary obligation of Buyer under this Agreement through judicial relief. Such judicial relief may take the form of a lawsuit. The institution and maintenance of any action for judicial relief or exercise of self-help remedies shall not constitute a waiver of the right to submit any controversy or claim to arbitration, including any counterclaim asserted in any such judicial action, and including those controversies or claims arising from the exercise of any such judicial relief to the exercise of self-help remedies. If a demand for arbitration of any counterclaim is made, the entire controversy or claim shall be submitted to binding arbitration pursuant to this section. Upon the invocation of arbitration under this Agreement the other party must submit to arbitration such party may have from invoking the bringing of such a claim or counterclaim in any subsequent arbitration or legal action. The parties agree that if any provision of this arbitration agreement is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the provision which is found to be invalid or unenforceable shall be inapplicable and deemed omitted, but shall not invalidate the remaining provisions of this arbitration clause, and shall not diminish the parties obligation to arbitrate the disputes subject to this clause.

The arbitration will proceed in accordance with the Code of Procedure of the National Arbitration Forum. You may obtain the Code of Procedure, information on fees and costs (including waiver of the fees) along with various other forms issued by the National Arbitration Forum by calling toll free (800) 474-2371 or by visiting its website at www.arb-forum.com. You may commence or file a claim for arbitration at any National Arbitration office, on-line, or by mailing the claim to P.O. Box 50191, Minneapolis, Minnesota 55405. The arbitration will take place at a location near where you signed the Agreement. Notice of the time, date and location of the arbitration shall be provided to the parties in accordance with the Code of Procedure of the National Arbitration Forum.

## ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfers all Seller's right, title and interest in and to this contract, and in and to the Property described herein, to CREDIT ACCEPTANCE CORPORATION (hereinafter called "Assignee"), its successors and assigns. In order to induce Assignee to accept assignment of this contract (which acceptance Assignee acknowledges by the purchase hereof), Seller represents and warrants to Assignee that this contract is genuine and in all things what it purports to be; that, if the Property described in the contract consists, in whole or in part, of services, Seller has performed said services to the satisfaction of Buyer; that all parties to this contract are of legal age and have legal capacity to contract; that Seller has no knowledge of any fact which might impair the validity of this contract or render it less valuable or valueless; that Buyer's true name is signed to this contract; that this contract is a valid lien upon the Property; that the description of the Property is true and correct; that the Property was delivered to and accepted by the Buyer in good and satisfactory condition; that the Total Sale Price stated herein is correct and there is no delay in it; that the down payment as stated therein was paid in full in cash or trade in and no part of it is to be paid by deferred payments or open account; that there is no offset, counterclaim, or claim or defense arising from said contract, and the Buyer in connection with the sale evidenced by this contract, Seller has complied with (1) Title I (Truth in Lending Act) and Title V (Consumer Provisions) of the Consumer Credit Protection Act and the rules and regulations promulgated thereunder, (2) the Equal Credit Opportunity Act and the rules and regulations thereunder, (3) any and all Federal Trade Commission rules applicable to the transaction contemplated by this contract, and (4) any and all laws of the state in which this contract was executed, including its retail installment sales. Should any representation or warranty of Seller prove untrue or inaccurate, Seller agrees upon Assignee's request to repurchase this contract for the amount owing thereon, plus costs, expenses and reasonable attorney's fees of Assignee in attempting to collect the same. This assignment shall be without recourse against Seller except as to the representations and warranties of Seller set forth in this Assignment section. Liability of Seller arising out of or incidental to this Assignment shall not be affected by any indulgence, compromise, settlement, extension or variation of the terms of this contract effected with or by the discharge or release of the obligation of Buyer or any other person interested by operation of law or otherwise. Seller waives all notice, including but not limited to, notice of acceptance, non-performance, compromise, settlement, extension, discharge or variation of the terms of this contract. The parties hereto disclaim any terms or understandings other than those set forth herein.

ALABAMA CREDIT ACCEPTANCE (2-00)